IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM A. WHITE,**
**No. 13888-084,**
       **Petitioner,**

v.                            No. 3:17–cv–01262-DRH

**BILL TRUE,**
       **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner William A. White, who is an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner specifically seeks restoration of 40 days of good conduct credit. This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The petition

survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## Habeas Petition

Petitioner was an inmate in federal custody from October 17, 2008 through April 20, 2011. (Doc. 1, p. 1). Petitioner was originally sentenced to 30 months' imprisonment (W.D. VA 08-cr-54). After being released in April 2011, Petitioner was arrested on June 8, 2012. *Id.* Thereafter, Petitioner was sentenced or resentenced in connection with several cases (W.D. Va. 13-cr-013; M.D. Fl. 13-cr-304; W.D. Va. 08-cr-054; and N.D. Ill. 08-cr-851). Petitioner claims that his sentence was recalculated on three different occasions and that, during this process, 40 days of good conduct credit were wrongfully revoked. (Doc. 1, p. 2). Petitioner also alleges a due process violation in connection with the disciplinary charges that resulted in this revocation. *Id.*

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Petitioner's request for restoration of good conduct credit and his allegations pertaining to a due process violation in connection with the related disciplinary charges are properly addressed in this habeas action. Without

commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before January 15, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.15
15:25:48 -06'00'

**UNITED STATES DISTRICT COURT**